An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| STERLING POGIEN BEATTY, Appellant, vs. THE STATE OF NEVADA, Respondent. | No. 59965 |

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Donald M. Mosley, Judge.

In his December 6, 2010, petition, appellant claimed he received ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Warden v. Lyons, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in Strickland). Both components of the inquiry must be shown, Strickland, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, Means v. State, 120 Nev. 1001, 1012,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-07772

103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel but review the court's application of the law to those facts de novo. Lader v. Warden, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that trial counsel was ineffective for failing to challenge the arrest warrant because there was insufficient evidence presented in the declaration accompanying the arrest warrant to establish that appellant was the person who committed the crime. Specifically, appellant claims that there was no record that appellant owned the cellphone and the victim did not positively identify him in the photo line-up. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. The cellphone found at the crime scene was determined to belong to appellant based on the fact that the number called the most from the cellphone was his wife's number and numerous other people called from the cellphone identified appellant as the user of the cellphone. Further, while the victim did not definitively identify appellant, he stated that appellant looked like the person but he was not sure because the picture showed appellant with his head slightly down. This information constituted reasonably trustworthy facts and circumstances that were sufficient to warrant a person of reasonable caution to believe that a crime had been committed by appellant. State v. McKellips, 118 Nev. 465, 472, 49 P.3d 655, 660 (2002). Therefore, appellant failed to demonstrate a reasonable probability of a different outcome had trial counsel challenged the arrest warrant, and the district court did not err in denying this claim.

Second, appellant claimed that trial counsel was ineffective for failing to object to the State's claim that appellant possessed the cellphone

found at the crime scene. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. Appellant failed to demonstrate that there was a basis to object to the cellphone and trial counsel is not deficient for failing to make futile objections. Donovan v. State, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978). Further, appellant failed to demonstrate a reasonable probability of a different outcome at trial had trial counsel made an objection. The cellphone was abandoned at the crime scene and was tied to appellant by phone calls made from the cellphone. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that trial counsel was ineffective for failing to object to the victim's testimony that he previously identified appellant. Appellant claimed that because the victim stated that the person in the photo lineup looked like appellant this meant that the victim did not previously identify him and trial counsel should have used this information to impeach the victim. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. The strength of a previous identification goes to weight and not admissibility, Steese v. State, 114 Nev. 479, 498, 960 P.2d 321, 333 (1998), and trial counsel is not deficient for failing to object to this testimony. Further, appellant failed to demonstrate a reasonable probability of a different outcome had counsel used this information to impeach the victim. While trial counsel did not use this information to cross-examine the victim, trial counsel did ask the police officer who handled the photo line-up whether the victim positively identified appellant in the line-up. Therefore, this information was presented to the jury. Accordingly, the district court did not err in denying this claim.

Fourth, appellant claimed that trial counsel was ineffective for failing to move for the attempted robbery charges to be dismissed because the testimony of one of the victims did not support the charges. Specifically, appellant claimed that the victim testified that he did not remember the defendant or his accomplices saying anything during the encounter. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. The victim's prior statements to the police that appellant stated "Do you smoke? Turn everything over to us," were introduced to refresh the victim's recollection and the victim stated that those statements were probably made by appellant but, at the time of trial, he no longer remembered that. Therefore, there was evidence introduced that appellant attempted to rob the victims and appellant failed to demonstrate a reasonable probability of a different outcome at trial had trial counsel moved to get the attempted robbery charges dismissed. Accordingly, the district court did not err in denying this claim.

Fifth, appellant claimed that trial counsel was ineffective for failing to object to the murder and attempted murder charges at trial. Specifically, appellant claimed that trial counsel should have objected because of the victim's inconsistent statements. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. Appellant failed to demonstrate that there was a basis for trial counsel to object to these charges and counsel is not deficient for failing to make futile objections. Id. Whether the victim made inconsistent statements or not goes to the weight of the evidence, not the admissibility. Therefore, appellant failed to demonstrate a reasonable probability of a different

outcome at trial had trial counsel objected, and the district court did not err in denying this claim.

Sixth, appellant claimed that trial counsel was ineffective for failing to object to the conspiracy charge because there was insufficient evidence. Appellant failed to demonstrate that he was prejudiced because he failed to demonstrate a reasonable probability of a different outcome at trial as there was sufficient evidence to convict appellant of conspiracy. The evidence demonstrated that appellant coordinated his actions with two other persons in an attempt to rob the victims. See Thomas v. State, 114 Nev. 1127, 1143, 967 P.2d 1111, 1122 (1998) (concluding that a coordinated series of acts furthering the underlying offense is sufficient to infer the existence of an agreement, and thus is sufficient evidence to convict a defendant of conspiracy). Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that trial counsel was ineffective for failing to provide adequate notice of his alibi witness prior to trial. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Appellant claimed that his sister-in-law would provide him with an alibi for the crimes. He gave trial counsel her name and number. When trial counsel attempted to contact her, counsel was informed that the sister-in-law was no longer at that number. Further, even though she was noticed as a witness for the State, appellant gave trial counsel an incorrect last name for his sister-in-law so trial counsel was unaware that the person noticed by the State was appellant's sister-in-law. Moreover, appellant failed to demonstrate that there was a reasonable probability of a different outcome at trial had counsel properly given notice of the alibi witness. Appellant's sister-in-law had informed detectives that appellant

asked her to create a fake receipt for the day of the crimes and this information would have been presented to the jury to rebut appellant's alibi. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that trial counsel was ineffective for failing to proffer an instruction on attempted murder. This claim is belied by the record, because there were several instructions given at trial that encompassed the charge of attempted murder. Therefore, the district court did not err in denying this claim.

Ninth, appellant claimed that trial counsel was ineffective for failing to object to the reasonable doubt instruction because it shifts the burden of proof to the defendant. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. The instruction given at trial was the statutorily required instruction, NRS 175.211; Cutler v. State, 93 Nev. 329, 337, 566 P.2d 809, 813-14 (1977), and he failed to demonstrate a reasonable probability of a different outcome at trial had trial counsel objected to the instruction. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that he received ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. Kirksey v. State, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. Ford v. State, 105 Nev. 850, 853, 784 P.2d 951, 953

(1989). Both components of the inquiry must be shown. <u>Strickland</u>, 466 U.S. at 697.

First, appellant claimed that appellate counsel was ineffective for failing to argue on appeal that some of the factual statements were stricken from the presentence investigation report (PSI). Appellant claimed in his petition that these statements were the statements that were used to obtain probable cause to arrest him and so counsel should have argued that there was no probable cause to arrest him. Further, at the evidentiary hearing, appellant claimed that the statements should have also been stricken at trial. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. The statement that the court struck from the PSI was that the victim saw appellant shoot the other victim. The testimony at trial was that the victim saw appellant with the gun and heard a gunshot, but he did not see appellant shoot the other victim. It appears that the district court was correct in striking this information from the PSI. Appellant failed to demonstrate that this stricken statement would have made a difference to the issuing of an arrest warrant or that this claim would have had a reasonable probability of success on appeal.[2] Further, since this information was not presented to the jury, appellant failed to demonstrate that it should have been

---

[2]To the extent that appellant claimed that appellate counsel should have challenged the arrest warrant on appeal based on the cellphone not belonging to him and the victim's failure to positively identify him as the shooter, appellant failed to demonstrate that appellate counsel was deficient. As stated earlier, the cellphone was tied to appellant based on phone records and the victim's identification that appellant looked like the person who had the gun. Therefore, the district court did not err in denying this claim.

SUPREME COURT
OF
NEVADA

(O) 1947A

stricken at trial. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that appellate counsel was ineffective for failing to make a double jeopardy argument in the opening brief on appeal and for failing to make a sufficient and complete argument. Appellate counsel raised the argument in the reply brief. Appellant failed to demonstrate that he was prejudiced. As stated in the order of affirmance, this court has repeatedly rejected claims that the felony-murder rule violates the Double Jeopardy Clause. Beatty v. State, Docket No. 51522 (Order of Affirmance, December 4, 2009). Therefore, appellant failed to demonstrate a reasonable probability of a different outcome on appeal had appellate counsel made the argument in the opening brief. Accordingly, the district court did not err in denying this claim.

Third, appellant claimed that appellate counsel was ineffective for failing to raise a challenge to the reasonable doubt instruction. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. As stated above, the reasonable doubt instruction was the instruction required by statute, and appellant failed to demonstrate a reasonable probability of success on appeal had appellate counsel raised this issue. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that the district court improperly admitted evidence of the bullets found in appellant's garage. This claim was raised and rejected on direct appeal, and therefore, is barred by the doctrine of law of the case. Hall v. State, 91 Nev. 314, 315-16, 535 P.2d

797, 798-99 (1975). Accordingly, the district court did not err in denying this claim.

Finally, appellant claimed that the cumulative errors of counsel demonstrate that he is entitled to relief. Because appellant failed to demonstrate any error, we conclude that the district court did not err in denying this claim, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:   Eighth Judicial District Court Dept. 14
      Sterling Pogien Beatty
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk