An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH LESLIE EMERSON A/K/A
EMERSON LESLIE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60754

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; David B. Barker, Judge.

In his petition filed on December 8, 2010, his amended petition filed on January 2, 2011, and his supplemental petition filed on June 30, 2011, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21626

of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that trial counsel was ineffective during the preliminary hearing because counsel failed to present a defense, failed to object to the State's version of the facts, and admitted that there was sufficient evidence as to two of the charges. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Counsel made objections and tested the State's case by cross-examining the witnesses about the charges. Appellant failed to identify other objections that counsel should have made or how further objections or actions by counsel would have changed the outcome of the proceedings. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (holding that no relief is warranted where petitioner raises "'bare' or 'naked' claims for relief, unsupported by any specific factual allegations that would, if true, have entitled him to withdrawal of his plea"). While counsel did concede that there was probable cause as to the charges of battery of an officer and assault of an officer, appellant failed to

demonstrate that he was prejudiced. The district court dismissed the battery-of-an-officer charge, and the testimony of two police officers regarding appellant's resistance during arrest provided probable cause to bind him over on the assault-of-an-officer charge. *See Sheriff v. Hodes*, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) (citations omitted) (holding that probable cause to support a criminal charge "may be based on slight, even 'marginal' evidence"). Therefore, the district court did not err in denying this claim.

Second, appellant claimed that trial counsel was ineffective for filing a pretrial petition for a writ of habeas corpus because it forced appellant to forfeit his right to a speedy trial. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Appellant initially asserted his right to a speedy trial, but after discussing the issue with the district court, he agreed to waive his right to a speedy trial so that counsel could challenge the charges in a pretrial petition for a writ of habeas corpus. In light of appellant's voluntary waiver, appellant failed to demonstrate that counsel acted unreasonably in filing a pretrial habeas petition. Furthermore, appellant did not demonstrate a reasonable probability of a different outcome at trial had counsel not filed a pretrial habeas petition. Accordingly, the district court did not err in denying this claim.

Third, appellant claimed that trial counsel was ineffective for failing to obtain surveillance video from the stairwell of the motel where the battery took place and from a hotel near the area where he was arrested. Appellant failed to demonstrate that counsel's performance was

deficient or that he was prejudiced. His assertions as to what an investigation would have uncovered are speculative and conclusory with no factual support. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that trial counsel was ineffective for failing to interview (1) T. Purifoy to determine if she actually consented to a search of her motel room where appellant's identification was obtained; (2) appellant's girlfriend, who would have impeached the victim and testified that appellant acted in self-defense as to the assault charge; and (3) the victim, which would have helped counsel determine how to question him at trial. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Trial counsel testified during the evidentiary hearing that he attempted, but was unable, to contact T. Purifoy before trial. Thus, appellant failed to demonstrate that counsel's performance was deficient. Furthermore, appellant failed to demonstrate prejudice, as there is no support in the record for his speculative assertion that T. Purifoy might not have consented to the search of her motel room. Counsel also testified that he did not learn that appellant's girlfriend was a percipient witness until trial, at which point he unsuccessfully attempted to endorse her as a witness. Because appellant did not inform counsel before trial that his girlfriend was a witness and wished to testify, counsel was not deficient for failing to interview her. As to his claim regarding the victim, appellant failed to explain how a pretrial interview of the victim would have had a

reasonable probability of changing the outcome of the trial. Thus, the district court did not err in denying this claim.

Fifth, appellant claimed that trial counsel was ineffective for failing to allow appellant to have an active role in his defense and for failing to file a motion to withdraw as counsel. Appellant failed to allege specific facts that would entitle him relief and thus failed to demonstrate deficiency or prejudice. *See id.* at 502, 686 P.2d at 225. Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that trial counsel was ineffective for failing to sever the charges of attempted murder and battery with substantial bodily harm from the charge of assault on an officer. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. The offenses were properly joined because the assault, which occurred while officers were arresting appellant for attempted murder and battery of the victim, was relevant to prove appellant's identity in the attempted murder and battery offenses, and evidence of the attempted murder and battery was relevant to explain appellant's conduct during his arrest. Thus, evidence of the offenses was cross-admissible to prove appellant's identity as the attacker and his consciousness of guilt when he attempted to flee from the police. *See Weber v. State*, 121 Nev. 554, 573, 119 P.3d 107, 120 (2005) (holding that offenses are "connected together" and thus properly joined if evidence of either offense is cross-admissible to prove the other offense). Accordingly, any motion to sever the charges would have been unsuccessful, and counsel cannot be ineffective for failing to file a futile motion. *See*

*Donovan v. State,* 94 Nev. 671, 675, 584 P.2d 708, 711 (1978). Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that trial counsel was ineffective for failing to object to the State's numerous leading questions during the victim's testimony. Appellant failed to demonstrate that objections by counsel would have had a reasonable probability of changing the outcome of the trial, particularly given that the battery of the victim was captured on video and the victim and the motel manager, both of whom were familiar with appellant, identified appellant as the attacker. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that trial counsel was ineffective for failing to object to the police officer's hearsay testimony that T. Purifoy told him that the man who knocked on her door and was captured on surveillance video had left some personal belongings in her motel room. In light of the overwhelming evidence of guilt, appellant failed to demonstrate that he was prejudiced. As discussed above, the battery was captured on videotape and appellant was identified as the attacker by two witnesses who knew him. Therefore, appellant did not demonstrate a reasonable probability that the outcome of the proceedings would have been different had counsel objected to the officer's testimony. Accordingly, the district court did not err in denying this claim.

Ninth, appellant claimed that trial counsel was ineffective for failing to object to the display of a prior booking photograph, which revealed to the jury that he had criminal history. Appellant failed to demonstrate prejudice. At trial, an officer testified that, once he

discovered appellant's identification at the motel, he entered appellant's information in "Crime Web" and obtained a photograph of appellant, which he then compared to the attacker in the video. It appears that this testimony and photograph were improper references to appellant's prior criminal activity, *see Manning v. Warden*, 99 Nev. 82, 86-87, 659 P.2d 847, 850 (1983), and counsel should have objected. Nevertheless, we conclude that the references were not prejudicial given the overwhelming evidence of appellant's guilt. Therefore, the district court did not err in denying this claim.

Tenth, appellant claimed that trial counsel was ineffective for failing to object to the video evidence for lack of authentication. Appellant failed to demonstrate prejudice, as he has failed to support his claim with specific facts. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Neither the record nor appellant's factual allegations indicate any issues with the authenticity of the video. Therefore, appellant failed to demonstrate a reasonable probability that, had counsel objected to the authentication of the video, the outcome of the trial would have been different. Accordingly, the district court did not err in denying this claim.

Eleventh, appellant claimed that trial counsel was ineffective for conceding appellant's guilt during closing arguments. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. During closing arguments, counsel contested the charge of attempted murder and did not challenge the identification of appellant or the other charges. Subsequently, counsel informed the court that his decision not to contest the identification of the attacker was a strategic

decision, and appellant affirmed that he agreed with the decision. Thus, the record repels appellant's claim. Furthermore, at trial, the jury watched a videotape depicting the charged battery, the motel manager identified appellant on the video, and the victim identified appellant as the attacker. Thus, in light of this evidence, it was not unreasonable for counsel to avoid arguing that appellant was not the attacker and instead argue that appellant did not have the requisite intent to commit murder. In addition, because of the overwhelming evidence that appellant was the attacker, appellant failed to demonstrate a reasonable probability that the outcome of the trial would have been different had counsel challenged the identification of the attacker. Therefore, the district court did not err in denying this claim.

Twelfth, appellant claimed that trial counsel was ineffective for conceding that appellant had prior felony convictions without sufficient proof submitted by the State. Specifically, appellant asserted that counsel should have objected to the use of a conviction from California to adjudicate him a habitual criminal because the State presented only court minutes of that conviction and not a certified judgment of conviction. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. This court previously rejected appellant's underlying argument on appeal from the denial of a motion to correct an illegal sentence, and concluded that the State sufficiently proved appellant's prior felony convictions at the time of sentencing. *See Emerson v. State*, Docket Nos. 53623, 54609 (Order of Affirmance, May 7, 2010). Thus, appellant failed to demonstrate that an objection by counsel had a

reasonable probability of changing the outcome of the sentencing hearing. Appellant also claimed that counsel failed to inform him that the State had filed notice of intent to seek habitual criminal treatment, but appellant did not provide any explanation as to how he was prejudiced. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Accordingly, the district court did not err in denying these claims.

Next, appellant claimed that appellate counsel was ineffective for failing to raise on direct appeal the abovementioned claims of ineffective assistance of trial counsel. Appellant failed to demonstrate that appellate counsel's performance was deficient or that he was prejudiced. *See Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Claims of ineffective assistance of trial counsel should be raised in a post-conviction petition for a writ of habeas corpus rather than on direct appeal. *Rippo v. State*, 122 Nev. 1086, 1095, 146 P.3d 279, 285 (2006). Furthermore, as discussed above, appellant failed to demonstrate ineffective assistance of trial counsel, and thus cannot show that he was prejudiced by appellate counsel's failure to raise those claims on direct appeal. Therefore, the district court did not err in denying this claim.

Finally, appellant claimed that (1) the district court violated his due process rights by adjudicating him a habitual criminal; (2) he is actually innocent of being a habitual criminal because the State failed to present proper documentation of his prior convictions; (3) his Fourth Amendment right was violated; and (4) the district court violated his due process rights by denying his motion to correct and/or modify an illegal sentence. These claims were raised and rejected on direct appeal or on

appeal from the denial of appellant's motion to correct an illegal sentence. *See Emerson v. State*, Docket Nos. 53623, 54609 (Order of Affirmance, May 7, 2010). Therefore, further litigation of these claims is barred by the doctrine of the law of the case, *see Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975), and the district court did not err in denying these claims.

Having concluded appellant is not entitled to relief, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. David B. Barker, District Judge
Kenneth Leslie Emerson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.