SHERMAN A. THOMPSON, aka John C. Nicholas, Jr., Appellant, v. THE STATE OF NEVADA, Respondent.

No. 9344

June 30, 1977 565 P.2d 1011

*Morgan D. Harris,* Public Defender, and *Terrence M. Jackson,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a bench trial, appellant was adjudged guilty of the crime of larceny from the person, a felony under NRS 205.270.[1] Here, his principal contentions are: (1) evidence was illegally seized and should have been suppressed; (2) he was denied due process by the State's failure to, *sua sponte,* disclose his inculpatory statements made to a police

---

[1]NRS 205.270 provides:

"Every person who, under circumstances not amounting to robbery,

officer; and, (3) his conviction is not supported by substantial evidence. We disagree.

1. Hot pursuit of the perpetrator led police officers to a hotel room, near the scene of the crime, which appellant had just rented. Appellant consented to the officers' entry whereupon they immediately arrested him. The officers then seized money together with clothing which, according to the victim's description, matched that worn by the perpetrator. Appellant argues these items of evidence were illegally seized and should have been suppressed. However, these items were in plain view of the officers, and " '[i]t has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence.' " Boone v. State, 85 Nev. 450, 454, 456, P.2d 418, 420 (1969).

2. Appellant next argues he was denied due process because the State failed to, *sua sponte,* disclose to defense counsel oral inculpatory statements made by appellant. "Pretrial discovery of the accused's statements is not constitutionally compelled by the Fourteenth Amendment." Mears v. State, 83 Nev. 3, 7, 422 P.2d 230, 232 (1967). Further, voluntary disclosure is not contemplated by our statutory provisions concerning criminal discovery. *See* NRS 174.235(1).[2]

3. Notwithstanding appellant's contention to the contrary, his conviction is supported by substantial evidence. Hunt v. State, 92 Nev. 536, 554 P.2d 255 (1976).

Other contentions by appellant are without merit.

Affirmed.

---

shall, with intent to steal or appropriate to his own use, take from the person of another, without his consent, any money, property or thing of value, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $5,000."

[2]NRS 174.235(1) provides:

"Upon motion of a defendant the court may order the district attorney to permit the defendant to inspect and copy or photograph any relevant:

"1. Written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney; . . ."