E-EDENE MARICOTTA DONOVAN, Appellant, v.
THE STATE OF NEVADA, Respondent.

No. 9802

October 6, 1978

584 P.2d 708

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Robert List,* Attorney General, *Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

**OPINION**

By the Court, MANOUKIAN, J.

Appellant was charged with four armed robberies of service stations and one unarmed robbery of a liquor store. While at a service station, Donovan discussed the recent string of service station robberies with such detail that the attendant became suspicious. She noted Donovan's license number and contacted the police who subsequently pictured Donovan in a photographic lineup shown to the robbery victims. Three of the four victims identified Donovan as the robber, and consequently the police effected a warrantless arrest on October 22, 1976. Later that evening, Reno police obtained a search warrant for Donovan's residence. The warrant expressly authorized seizure of small caliber weapons but no weapons were found at the residence. The police, however, did seize certain clothing and a bottle of tequila not listed in the search warrant. The liquor

and some items of clothing were eventually admitted into evidence. The State presented as witnesses the five robbery victims and three by-standers, all of whom identified Donovan as the perpetrator of the robberies. The defense consisted of alibi witnesses. After a jury trial, judgments of conviction were entered on all five counts, and Donovan now appeals.

The issues presented are: (1) Whether the trial court erred in failing to investigate prejudice to appellant by the prosecutor's alleged violation of a discovery agreement; (2) whether admission of irrelevent items of clothing prejudiced the appellant; (3) whether the appellant was effectively denied the privilege to prevent testimony from his spouse; and (4) whether the appellant was denied effective counsel by failure to challenge search and seizure of certain evidence. We now turn to discuss these issues.

1. *Breach of Discovery Agreement.* Appellant had made statements to the police on two occasions. Defense counsel and the prosecutor had informally agreed that the State would provide materials discoverable under NRS 174.235. Through inadvertence, the prosecutor only provided one statement, and when he attempted to introduce the second statement at trial, as well, defense counsel objected. Although counsel had entered into an informal agreement, the prosecution had invited defense counsel to inspect the files, but the offer went unaccepted. The trial court permitted a police officer to testify as to the second statement.

Although NRS 174.295 provides relief for a prosecutor's failure to notify defense counsel of all discoverable material, that statute is only operative in situations where a previous defense motion has been made and a court order issued. That provision is not applicable to any informal arrangements that are made, as here, between counsel without benefit of court sanction. *Cf.* Thompson v. State, 93 Nev. 342, 565 P.2d 1011 (1977). Appellant further makes no allegation of an intentional failure to disclose information. *Cf.* Maginnis v. State, 93 Nev. 173, 561 P.2d 922 (1977).

Even assuming, arguendo, error in the admission of the challenged statement, the overwhelming evidence of guilt compels us to conclude it was harmless. Chapman v. California, 386 U.S. 18 (1967).

2. *Admission into Evidence of Irrelevant Clothing.* The police seized several items of clothing from appellant's home and placed it all in one box. At trial, only some of the clothing items were drawn from the box and shown to be connected with the crime. The prosecution, however, moved for admission of the box with all its contents. Defense counsel objected

that several items of clothing in that box had never been the subject of any testimony. The trial court nevertheless admitted the entire box including the clothing which was never connected to the crimes.

Appellant on appeal now belatedly offers as grounds of inadmissibility the possibility that inclusion of such items may have confused the jury. A party cannot on appeal offer new grounds for an objection made in the trial court. Geer v. State, 92 Nev. 221, 542 P.2d 946 (1976). Further, the admission of such clothing into evidence did not substantially affect appellant's rights. NRS 47.040(2).

3. *Interference with Marital Privilege.* This issue is raised at the insistence of appellant without the concurrence of counsel. NRS 49.295 provides that a wife cannot be examined as a witness for or against her husband without his consent. Essentially, Donovan claims that he was effectively denied his right to exercise the marital privilege preventing his wife from testifying against him. His argument is that the police should have obtained permission from him prior to questioning his wife because any statement she may have made could have been used to cross-examine her when she eventually testified in his behalf. Mrs. Donovan was called by appellant as an alibi witness. Her testimony at trial was inconsistent with her prior statements given to the investigating police officers. Donovan claims that the use of his wife's prior statements to impeach her in effect caused her to become a witness against him without his consent. We disagree. NRS 49.295 prohibits the state from calling the spouse as a witness and is inapplicable where, as here, the defendant calls the spouse as a witness.

4. *Ineffective Counsel.* Donovan alleges that he was denied effective assistance of counsel because no attempt was made to challenge the search and seizure of items not listed in the search warrant. He is specifically challenging the seizure of the bottle of tequila and the clothing which were not listed in the search warrant. Even though they were not listed, their seizure is not consequently illegal since the items seized were in plain view. Coolidge v. New Hampshire, 403 U.S. 443 (1971); Wyatt v. State, 86 Nev. 294, 468 P.2d 338 (1970).

Donovan cites the recent case emanating from the Ninth Circuit, Cooper v. Fitzharris, 551 F.2d 1162 (9th Cir. 1977), and suggests this Court adopt the standard enunciated there to

determine the effectiveness of counsel. The test announced in *Cooper* is whether counsel has rendered "reasonably effective assistance." The federal court in that case denounced the traditional test which determined effectiveness of counsel by stressing whether the trial was reduced to a "sham, farce or mockery." As we recently held in Bailey v. State, 94 Nev. 323, 579 P.2d 1247 (1978), regardless of which standard we employ, we are unable to conclude from the record that appellant was deprived of the effective assistance of counsel.

Moreover, it "is presumed that counsel fully discharged his duties, and that presumption can only be overcome by strong and convincing proof to the contrary." Warden v. Lischko, 90 Nev. 221, 223, 523 P.2d 6, 7 (1974). The evidence in the record fails to rebut this presumption.

The inherent validity of the search and seizure indicates that nothing could be gained by counsel moving to suppress the seized items. It would have been a futile effort and counsel cannot be deemed ineffective for failure to submit to a "classic exercise in futility." People v. Eckstrom, 118 Cal.Rptr. 391 (Cal.App. 1975). *Cooper,* supra, suggests that the role of a court presented with allegations of ineffective counsel

> "is not to pass upon the merits of the action not taken but to determine whether, under the particular facts and circumstances of the case, trial counsel failed to render reasonably effective assistance. This does not mean that it should second guess reasoned choices between trial tactics nor does it mean that defense counsel, to protect himself against allegations of inadequacy, must make every conceivable motion no matter how remote the possibilities are of success."

We therefore affirm the judgment of conviction.

BATJER, C. J., and MOWBRAY and THOMPSON, JJ., concur.

GUNDERSON, J., concurring:

Because the State overwhelmingly proved appellant's guilt by other competent evidence, I can concur in the result. Thus, the errors complained of may be deemed harmless. Schneble v. Florida, 405 U.S. 427 (1972). However, I must disagree with certain other rationale offered above.

First, concerning NRS 174.235, I cannot agree that because the "statute is only operative in situations where a previous defense motion has been made," the State may therefore avoid a discovery motion by promising the defendant full discovery,

and thereafter excuse its breach through a claim of "inadvertence."

Second, I cannot perceive how there is anything "belated" about appellant's contention that clothing not connected to the crime, and specifically objected to on that ground, may have confused the jury. By objecting in words directing the trial court's attention to the clothing's irrelevance, I suggest appellant's counsel preserved an adequate objection. *See* NRS 48.015, 48.025. Here, the question of potential confusion, or lack of it, does not bear on the clothing's admissibility, but upon its possible prejudicial effect. I have never understood that it is necessary to argue prejudice, in order to preserve an objection.

Third, in all respect, so far as I can see, appellant's contention concerning NRS 49.295 has not been treated, except through a declaration that the statute does not apply.

Fourth, concerning the warrantless seizure question, appellant's contention is that the "plain view" doctrine does not apply, because the State anticipated finding the tequila and clothing, and therefore their discovery and seizure were not inadvertent. Of course, under Coolidge v. New Hampshire, 403 U.S. 443 (1971), inadvertence is an essential element to application of the "plain view" doctrine. *See* Barnato v. State, 88 Nev. 508, 501 P.2d 643 (1972). Again, it does not appear to me that the issue raised is answered.