An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HERMAN LEE REED,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62117

**FILED**

JUN 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

In his petition filed on June 11, 2012, appellant claimed that his trial counsel provided ineffective assistance. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17250

First, appellant claimed that trial counsel was ineffective for failing to adequately communicate with him and investigate appellant's allegations that he did not consent to the search of his car and that the police planted marijuana and a stolen firearm in his car. Appellant failed to demonstrate prejudice, as he did not explain how further communication or investigation would have helped with his defense or changed the outcome of the trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004); *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Thus, the district court did not err in denying this claim.

Second, appellant claimed that trial counsel was ineffective for failing to adequately litigate a motion to suppress the firearm and marijuana that were seized from his car. Specifically, appellant contended that counsel should not have conceded that the search of his car was consensual and should have argued that the evidence was planted by the police. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced, as he failed to demonstrate that a motion to suppress would have been successful. *See Kirksey v. State*, 112 Nev. 980, 990, 923 P.2d 1102, 1109 (1996); *see also Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (holding that counsel cannot be ineffective for failing to file a futile motion). Two police officers testified that appellant consented to a search of his car during a routine traffic stop and that they found marijuana and a firearm in the car. In light of this testimony, appellant failed to demonstrate a reasonable probability that the evidence would have been suppressed had counsel argued that the search was non-consensual and that the evidence was planted by the police. Therefore, the district court did not err in denying this claim.

 

Third, appellant claimed that counsel was ineffective for failing to object at trial to the admission of the evidence seized from appellant's car. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced, as the district court made a pretrial ruling that the evidence was admissible at trial. Counsel cannot be deemed ineffective for failing to make a futile objection or motion. *See Donovan*, 94 Nev. at 675, 584 P.2d at 711. Thus, the district court did not err in denying this claim.

Fourth, appellant claimed that trial counsel was ineffective for failing to present appellant's theory of defense—non-consensual search and planted evidence—at trial. Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced. At trial, counsel challenged the police officers' testimony about the traffic stop and search and seizure and argued that the officers were not telling the truth and that appellant did not consent to the search. Thus, appellant's claim is repelled by the record, *see Hargrove*, 100 Nev. at 503, 686 P.2d at 225, and the district court did not err in denying this claim.

Fifth, appellant claimed that counsel was ineffective for failing to object to the admission of appellant's statements to the police as impermissible hearsay testimony. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced, as his statements were not hearsay. *See* NRS 51.035(3)(a). Therefore, the district court did not err in denying this claim.

Finally, appellant claimed that counsel had an actual conflict of interest. Appellant's claim of a conflict of interest was based entirely on his above allegations of ineffective assistance and, thus, he failed to demonstrate an actual conflict of interest. *See Cuyler v. Sullivan*, 446 U.S.

335, 348, (1980); *Clark v. State*, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992). Accordingly, the district court did not err in denying this claim.

For the foregoing reasons, we conclude that the district court did not err in denying the petition, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Jennifer P. Togliatti, District Judge
   Herman Lee Reed
   Attorney General/Carson City
   Clark County District Attorney
   Eighth District Court Clerk