An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY REED,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61933



FILED

SEP 1 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

In his petition filed on July 19, 2012, appellant alleged that his counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27952

466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that counsel was ineffective for failing to object to the State's use of leading questions when asking the victim about his identification of appellant and other instances of prosecutorial misconduct. Appellant failed to demonstrate he was prejudiced. The underlying claims were raised and rejected on appeal. *See Reed v. State*, Docket No. 59254 (Order of Affirmance, April 12, 2012). Because this court already concluded that appellant's underlying claim lacked merit, appellant necessarily failed to demonstrate prejudice. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that counsel was ineffective for failing to object to the sufficiency of the district court's finding with regard to the deadly weapon enhancement. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced as he failed to allege specific facts that, if true, entitled him to relief. *Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984). Further, we note that the victim was shot with a firearm that was ultimately located in appellant's vehicle. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that counsel was ineffective for failing to properly address misconduct by a juror. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced.

Appellant failed to demonstrate that there was misconduct by the juror or how counsel's failure to address the juror's conduct may have affected the outcome at trial. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that counsel was ineffective for failing to argue that the victim was incompetent to testify based on his use of marijuana. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. Appellant failed to demonstrate that the victim's use of marijuana made him incompetent to testify, NRS 50.015 (stating that "[e]very person is competent to be a witness except as otherwise provided in this title"), and counsel was not deficient for failing to make futile motions or objections. *Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978). Further, counsel questioned the victim extensively about his marijuana use and how that may have affected his ability to perceive the events and to testify in court. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that counsel was ineffective for failing to file a motion to exclude evidence based on an improper stop and failure to give *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436 (1966). Appellant failed to demonstrate that counsel was deficient or that he was prejudiced. In regard to the traffic stop, appellant failed to allege any facts that, if true, would have entitled him to relief. *Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Further, according to the testimony provided at trial, appellant's statements regarding his ownership of the gun were spontaneous and not made pursuant to interrogation by the police. Therefore, there was no *Miranda* violation, and counsel was not deficient

for failing to file a futile motion. *Donovan*, 94 Nev. at 675, 584 P.2d at 711. Accordingly, the district court did not err in denying this claim.

Sixth, appellant claimed that counsel was ineffective for failing to retain a fingerprint expert who could have challenged the State's experts. Appellant failed to demonstrate that counsel was deficient or that he was prejudiced because he failed to allege specific facts that, if true, entitled him to relief. *Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Appellant failed to explain how an expert would have made a difference at trial. He merely stated that because the State had an expert, counsel also should have had an expert testify regarding the fingerprints. Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that counsel was ineffective for failing to investigate facts and witnesses regarding appellant's claim that he purchased the gun that was used in the crime sometime after the crime. Specifically, he claimed that counsel should have interviewed and had his fiancée testify that she saw appellant bring home a PlayStation and an MP3 player around the time of the crime, which appellant claims he purchased the same day he purchased the gun. Further, he claimed that counsel should have obtained security footage from the Blockbuster Video where he purchased the items.

Appellant failed to demonstrate that he was prejudiced because he failed to demonstrate that there was a reasonable probability of a different outcome at trial had his trial counsel presented appellant's fiancée's testimony or tried to obtain the security footage. According to appellant, his fiancée was not present when he supposedly purchased the gun and other items and would only have been able to testify that

appellant brought home the PlayStation and MP3 player. This testimony would not have added much to appellant's story regarding purchasing the gun because appellant does not claim that his fiancée knew about him purchasing the gun. As for the security footage, appellant failed to demonstrate that it showed the parking lot of the Blockbuster Video and that the footage still existed at the time that appellant was arrested, which was a month after the crime was committed. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that counsel was ineffective for failing to make an adequate record because counsel failed to make sure that the bench conferences were recorded. Appellant failed to support this claim with specific facts that, if true, would entitle him to relief. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Other than asserting in a conclusory fashion that he was denied meaningful review, appellant failed to explain how he was prejudiced. He did not specify the subject matter of the bench conferences or explain their significance. *See Daniel v. State*, 119 Nev. 498, 508, 78 P.3d 890, 897 (2003). Therefore, the district court did not err in denying this claim.

Finally, appellant claimed that counsel was ineffective for failing to argue that the victim's identification of appellant should be stricken because appellant did not fit the description given by the victim to the police. Appellant failed to demonstrate that counsel was deficient because he failed to demonstrate that a motion to strike the testimony would have been successful. *Donovan*, 94 Nev. at 675, 584 P.2d at 711. Further, counsel questioned the victim extensively about his description of the suspects and argued to the jury that the description did not match

appellant. Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta


cc:     Hon. Valorie J. Vega, District Judge
        Anthony Reed
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk