An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CASTRO V. DECASTRO,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
LOVELOCK CORRECTIONAL
CENTER,
Respondent.

No. 62870

**FILED**

JUN 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant claims that the district court erred in denying his claims of ineffective assistance of counsel raised in his August 22, 2012, petition and his September 27, 2012, supplement. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19171

evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claims that counsel was ineffective because counsel violated his right to a speedy trial. Appellant fails to demonstrate that counsel was deficient or that he was prejudiced. First, appellant mistakenly relies on authority regarding the government being the cause of the delay and fails to provide any case cites indicating that his own counsel can violate his speedy trial rights. We note that appellant had five different attorneys in a three-year timespan. These attorneys filed numerous motions, sought discovery, and attempted to secure a plea bargain with the State. There does not appear to have been a lack of diligence on the part of counsel. Second, appellant fails to demonstrate a reasonable probability of a different outcome at trial had the trial commenced earlier. Therefore, the district court did not err in denying this claim.

Second, appellant claims that counsel was ineffective for failing to effectively communicate regarding plea negotiations. Appellant claims that counsel attempted to coerce him into pleading guilty but also did not explain the consequences of going to trial and what the mandatory minimums would have been if he were convicted of all charges. Appellant fails to demonstrate that trial counsel was deficient. First, appellant did not plead guilty. Further, appellant does not explain what coercive tactics counsel used to attempt to coerce appellant into taking the plea agreement. Therefore, the district court did not err in denying this claim.

Third, appellant claims that counsel was ineffective for failing to communicate with appellant prior to trial. Appellant claims that after

he refused to accept the plea agreement, his counsel stopped communicating with him and failed to properly work his case. Appellant claims that this failure caused counsel to not be prepared for trial. Appellant fails to demonstrate that counsel was deficient or that he was prejudiced. Counsel who negotiated the potential plea agreement was not the counsel that took appellant's case to trial. Therefore, appellant's claims that his "plea" counsel failed to communicate with him, and therefore, trial counsel was not prepared for trial is without merit. Accordingly, the district court did not err in denying this claim.

Fourth, appellant claims that counsel was ineffective for insisting that appellant testify at the suppression hearing and for failing to properly prepare him for the hearing. Appellant fails to demonstrate that counsel was deficient or that he was prejudiced. Appellant's testimony was the only way to demonstrate counsel's theory that the interview at appellant's house was a custodial interrogation.[1] Further, appellant fails to demonstrate how he was not properly prepared for testifying. Finally, he fails to demonstrate a reasonable probability of a different outcome at the hearing had appellant not testified or had counsel further prepared him. Appellant was not in custody at the time of the interview. *See State v. Taylor*, 114 Nev. 1071, 1082, 968 P.2d 315, 323 (1998) (listing factors to consider whether a person is in custody during a police interview). Therefore, the district court did not err in denying this claim.

---

[1]We note that appellant's testimony from the suppression hearing was not used at appellant's trial.

Fifth, appellant claims that counsel was ineffective for failing to engage in pretrial discovery and preparation. Specifically, appellant claims that counsel failed to timely obtain records and failed to contact an out-of-state therapist who treated the victim. Appellant fails to demonstrate that counsel was deficient or that he was prejudiced. It appears from the record that counsel did obtain the records and appellant fails to demonstrate how having the records earlier would have affected the outcome at trial. As to the out-of-state therapist, appellant fails to state what this therapist would have testified about and how the testimony would have had a reasonable probability of altering the outcome at trial. Therefore, the district court did not err in denying this claim.

Sixth, appellant claims that counsel was ineffective for failing to object during many of the pretrial and trial proceedings. Specifically, appellant cites to two examples. The first example involved the victim's father testifying regarding what his daughter told him, which appellant claims was hearsay. Appellant fails to demonstrate that counsel was deficient for failing to object to this statement because it was not hearsay because the victim testified, was cross-examined, the father's testimony was consistent with the victim's testimony, and it was offered to rebut a charge against her of recent fabrication. NRS 51.035(2)(b); *Donovan v. State,* 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (holding that counsel is not deficient for failing to make futile motions).

The second example involved the detective's testimony regarding the delayed disclosure of victims. Appellant claims that counsel should have objected based on a lack of foundation. Appellant fails to demonstrate that counsel was deficient or that he was prejudiced. While counsel did not object on this exact ground, counsel did object to the

detective's testimony because the detective was not noticed as an expert. This objection was overruled. Appellant fails to demonstrate that a second objection based on lack of foundation would have been successful or that there was a reasonable probability of a different outcome at trial had counsel objected a second time.

To the extent that appellant makes a general claim regarding counsel's failure to object before and during trial, appellant fails to support this claim with specific facts that, if true, entitled him to relief. *Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Therefore, the district court did not err in denying this claim.

Seventh, appellant claims that counsel was ineffective for failing to retain defense experts. Specifically, appellant claims that counsel should have retained an expert to refute the detective's statements regarding delayed disclosures and victims in general. Further, he claims that counsel should have obtained a psychiatric evaluation of the victim or an expert to observe her demeanor, or an expert to review her medical and psychiatric records. Appellant fails to demonstrate that he was prejudiced because he fails to demonstrate a reasonable probability of a different outcome at trial had these experts been retained given appellant's own admissions.[2] Therefore, the district court did not err in denying this claim.

Eighth, appellant claims that counsel was ineffective for failing to ensure a record was made of unrecorded bench conferences. Appellant failed to demonstrate that counsel was deficient because he

---

[2]We note that counsel did file a motion to have the victim undergo an independent psychological examination which was denied by the district court. Therefore, this claim was belied by the record.

SUPREME COURT
OF
NEVADA

(O) 1947A

failed to demonstrate that the missing portions of the record "are so significant that their absence precludes this court from conducting a meaningful review of the alleged errors that the appellant identified and the prejudicial effect of any error." *Preciado v. State*, 130 Nev. ___, ___, 318 P.3d 176, 178 (2014). Appellant does not make any specific argument about any unrecorded bench conferences in this case. Instead appellant only makes a general argument that the standard should be changed. We decline this invitation. Therefore, the district court did not err in denying this claim.

Ninth, appellant claims that counsel was ineffective for failing to subpoena material witnesses. Appellant claims that counsel was ineffective for failing to subpoena the victim's father and the victim's aunt. Appellant fails to demonstrate that counsel was deficient or that he was prejudiced. As to the victim's father, he was subpoenaed by the State and testified for both the State and the defense. As to the victim's aunt, the court concluded on direct appeal that the information that appellant sought to introduce from the aunt was presented through other witnesses. *DeCastro v. State*, Docket No. 55184 (Order of Affirmance, February 24, 2012). Further, appellant fails to demonstrate a reasonable probability of a different outcome at trial had the aunt testified given the testimony by the victim and appellant's own admissions. Therefore, the district court did not err in denying this claim.

Tenth, appellant claims that counsel was ineffective for failing to move to dismiss the count of attempted sexual assault on a minor under the age of 14. Appellant fails to demonstrate that counsel was deficient. Considering that this court concluded on direct appeal that there was sufficient evidence presented at trial to prove the attempted sexual

assault, *id.*, it appears that a motion to dismiss the count would have been futile, and therefore, appellant cannot demonstrate that counsel's failure to file a motion was objectively unreasonable. *Donovan*, 94 Nev. at 675, 584 P.2d at 711. Accordingly, the district court did not err in denying this claim.

Eleventh, appellant claims that counsel was ineffective for failing to file a sentencing memorandum prior to sentencing. Appellant failed to provide a transcript of the sentencing hearing for this court's review. The burden is on appellant to provide an adequate record enabling this court to review assignments of error. *See Thomas v. State*, 120 Nev. 37, 43 n.4, 83 P.3d 818, 822 n.4 (2004); *see also Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980). Therefore, we are unable to review this claim to determine whether counsel was deficient or whether appellant was prejudiced by the failure to file a sentencing memorandum.

Finally, appellant claims that the cumulative errors of counsel entitle him to relief. Appellant fails to demonstrate that any alleged errors by counsel, singly or cumulatively, would have had a reasonable probability of altering the outcome at trial. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Douglas Smith, District Judge
Matthew D. Carling
Drew Christensen
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A