An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MELANIE ANN OCHS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64610

**FILED**

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Melanie Ochs contends that the district court erred by concluding that counsel was not ineffective and by denying her petition. We disagree. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Ochs argues that trial counsel was ineffective for failing to make timely and contemporaneous objections to errors at trial which

14-23763

precluded this court's review on appeal. The district court found that Ochs failed to specify exactly which objections counsel should have made, to show that any objections would have resulted in a more favorable outcome, and to demonstrate prejudice, as this court reviewed all but one of the unpreserved claims on appeal.

Second, Ochs argues that trial counsel's representation was a conflict of interest and the conflict was compounded by his representation of Ochs on appeal. The district court found that Ochs failed to demonstrate a conflict of interest by merely alleging that trial counsel had a bad relationship with the District Attorney's Office or Ochs had no involvement in her case other than paying, that Ochs failed to allege a conflict of interest regarding trial counsel's handling of the expert witness, and that there was no conflict with trial counsel handling Ochs's appeal.

Third, Ochs argues that trial counsel was ineffective for failing to obtain and/or communicate a reasonable plea offer. The district court found that this claim was without merit because "a defendant does not have a right to receive an offer of a plea negotiation from the State" and "[t]he State never extended a plea offer to [Ochs], nor does the record indicate that the State was even willing to make an offer."

Fourth, Ochs argues that trial counsel was ineffective for putting her character into evidence, thereby opening the door for the State to introduce other bad acts, and for failing to object to the jury instructions. The district court found that trial counsel's decision regarding character evidence was a strategic one the district court would not second-guess, see Donovan v. State, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978), and that Ochs failed to establish any prejudice regarding the jury instructions.

Fifth, Ochs argues that the cumulative errors and combined deficiencies by trial counsel mandate relief. The district court found that this claim was without merit as none of Ochs's claims entitled her to relief.

Having reviewed the record on appeal, we conclude that substantial evidence supports the district court's findings and its decision to deny relief and that the district court did not err as a matter of law. *Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:  Hon. Michael Villani, District Judge
     The Law Office of Dan M. Winder, P.C.
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk