An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THEODORE VILLA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65202

**FILED**

OCT 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Theodore Villa's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Villa contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

14-34415

First, Villa contends that the district court erred by denying his claim that counsel was ineffective for failing to investigate before permitting him to plead guilty. Specifically, Villa contends that counsel should have interviewed his children, who would have explained that the victim, Villa's wife, exaggerated the extent of the incidents and suffered from bipolar disorder. The district court denied this claim as belied by the record because evidence was presented that counsel interviewed Villa's eldest child and attempted to interview his younger children but was prevented from doing so by their mother. The district court also concluded that Villa failed to demonstrate prejudice because he failed to establish that, but for counsel's failure to interview the younger children, he would not have pleaded guilty and would have proceeded to trial. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). We conclude that the district court did not err by denying this claim.

Second, Villa contends that the district court erred by denying his claim that counsel was ineffective for failing to file "potentially meritorious pretrial motions." Specifically, Villa asserts that counsel should have filed a motion requesting a psychological evaluation of the victim.[1] The district court concluded that filing the motion would have

---

[1]Villa also asserts that counsel should have filed motions "challenging the multiplicity of charges and/or the prosecutor's abuse of discretion during the charging decision." Villa fails to explain which charges were duplicitous or how the prosecutor abused her discretion, therefore, we decline to consider these contentions. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 7 (1987).

been futile as this court has never recognized the right of a defendant to move for a psychological examination of a domestic violence victim, and even assuming otherwise, the motion would not have been granted under the circumstances. *See Abbott v. State*, 122 Nev. 715, 724, 138 P.3d 462, 468 (2006) (explaining the factors a court must consider in determining whether a defendant has demonstrated a compelling need for a psychological examination of a sex-offense victim); *see also Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (counsel is not ineffective for declining to file futile motions). Moreover, Villa failed to demonstrate that a psychological examination would have revealed information which would have caused him to reject the plea. *See Molina*, 120 Nev. at 192, 87 P.3d at 538. We conclude that the district court did not err by denying this claim.

Third, Villa contends that the district court erred by denying his claim that counsel and her supervisor were ineffective for "imply[ing] to him that he would receive a lesser sentence than he actually received." The district court denied this claim because it found Villa's testimony that he was led to believe he would receive a more lenient sentence to be less credible than counsels' testimony to the contrary. The district court also concluded that this claim was contradicted by the guilty plea agreement and canvass, wherein Villa affirmed that he had not been promised a particular sentence and understood that sentencing was up to the court. Finally, the district court concluded that Villa failed to demonstrate prejudice because he had significantly reduced his exposure at sentencing

by pleading guilty and failed to demonstrate he would have rather proceeded to trial. We conclude that the district court did not err by denying this claim.

Having considered Villa's contentions and concluded that they lack merit, we

ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc: Hon. Elizabeth Goff Gonzalez, District Judge
    Terrence M. Jackson
    Attorney General/Carson City
    Clark County District Attorney
    Eighth District Court Clerk