An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMOTHY LEE SANDERS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64005

**FILED**

JUN 1 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Timothy Lee Sanders argues that the district court erred by denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence but review the court's application of the law to those

15-17721

facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Sanders argues that trial counsel was ineffective for failing to file a pretrial motion to suppress his statement to officers during a custodial interrogation. When an ineffective-assistance claim is based upon the failure to file a motion to suppress, "the prejudice prong must be established by a showing that the claim was meritorious and that there was a reasonable likelihood that the exclusion of the evidence would have changed the result of a trial." *Kirksey v. State*, 112 Nev. 980, 990, 923 P.2d 1102, 1109 (1996). Sanders fails to allege, let alone demonstrate, a reasonable likelihood of a different result at trial had the statements been suppressed. Additionally, Sanders does not identify what statements, made after his alleged invocation of counsel, should have been suppressed or allege that any such statements were introduced at trial. We therefore conclude that the district court did not err by denying this claim.

Second, Sanders contends that trial counsel was ineffective for failing to file a pretrial motion to sever the joint trial because he was prejudiced when the State referred to the defendants collectively during argument to the jury and when evidence against each defendant came in against both. Sanders fails to demonstrate deficiency as he has not demonstrated that such a motion would have been successful. *See Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (holding that counsel cannot be ineffective for failing to make futile motions).

Therefore, we conclude the district court did not err by denying this claim.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Stefany Miley, District Judge
     Carmine J. Colucci & Associates
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk