**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

TIMOTHY W. CONNORS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61749



FILED

JUN 10 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Timothy W. Connors' post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.[1]

Connors argues that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*,

---

[1]Appellant's appendix, submitted by Rochelle T. Nguyen, fails to comply with the Nevada Rules of Appellate Procedure because it includes numerous documents which do not relate to the issues raised on appeal. *See* NRAP 30(b) ("[A]ll matters not essential to the decision of issues presented by the appeal shall be omitted. Brevity is required[.]"). Despite the unnecessarily large appendix, Connors' brief references pages from only 7 of the 35 volumes submitted, and a majority of those references are inappropriate citations to the petition filed below. *See* NRAP 28(e)(1). We admonish counsel that future derelictions may result in the imposition of sanctions. *See* NRAP 28(j); NRAP 30(b); *State v. Haberstroh*, 119 Nev. 173, 179, 69 P.3d 676, 680-81 (2003).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-17714

100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). We give deference to the district court's factual findings if supported by substantial evidence but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Connors contends that the district court erred by denying his claim that trial counsel were ineffective for failing to introduce the testimony of Sean Trail, Professor Etheridge, Adam Magyari, and Norman Rita.[2] Connors asserts that these witnesses would have bolstered his self-defense claim. We conclude that no relief is warranted. The district court held an evidentiary hearing, wherein one of Connors' trial attorneys testified that he did not call Trail, Etheridge, and Magyari because their testimony would have been more harmful than helpful. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (explaining that tactical decisions are virtually unchallengeable). Counsel also testified that Rita had been deported and could not be located. *See Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (explaining that counsel cannot be deemed ineffective for failing to attempt futile actions). Connors fails to explain how counsel was deficient or how he was

---

[2]Connors also contends that counsel were ineffective for failing to introduce the testimony of his codefendant, but he concedes that counsel could not introduce this testimony.

prejudiced. Accordingly, he fails to demonstrate that the district court erred by denying this claim.

Second, Connors contends that the district court erred by denying his claim that trial counsel were ineffective for failing to move for a severance. We conclude that no relief is warranted because counsel moved for a severance on several occasions. Connors fails to explain what additional actions counsel should have taken or how those actions would have been successful. Accordingly, he fails to demonstrate that the district court erred by denying this claim.

Third, Connors contends that the district court erred by denying his claim that trial counsel were ineffective for failing to coordinate with codefendant's counsel. Connors fails to provide any argument or relevant legal authority in support of this contention, and we decline to consider it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Fourth, Connors contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to challenge the first-degree murder instruction given at trial on the grounds that it did not define willfulness. We conclude that no relief is warranted because, at the time of Connors' trial, willfulness was not required to be separately defined. *See Powell v. State*, 108 Nev. 700, 709, 838 P.2d 921, 927 (1992) (holding that willfulness need not be defined), *vacated on other grounds by Powell v. Nevada*, 511 U.S. 79 (1994). Accordingly, Connors fails to demonstrate that the district court erred by denying this claim.

Fifth, Connors contends that the district court erred by denying his claim that trial counsel were ineffective for failing to challenge (1) "the visibility of the crime scene," (2) gun records, (3) the testimony of

Katrina Giancontieri, and (4) the testimony of Gloria Lippman, as well as his claim that appellate counsel was ineffective for failing to challenge pretrial rulings which limited David Hughes' testimony but did not limit Dr. Green's testimony. Regarding these assertions, Connors fails to explain how counsel was deficient or how he was prejudiced. Accordingly, he fails to demonstrate that the district court erred by denying these claims.

Sixth, Connors contends that the district court erred by denying his claim that appellate counsel was ineffective for failing to argue prosecutorial misconduct. Specifically, Connors alleges that appellate counsel should have challenged the prosecutor's (1) use of speaking objections, (2) description of Dr. Green as an expert, (3) voice-of-society argument, and (4) statement that Connors and his codefendant were animals. Regarding his first three contentions, Connors does not provide any argument or identify where in the record the alleged misconduct occurred and therefore we decline to address them. Regarding his last contention, trial counsel did not object to the prosecutor's statement and Connors fails to demonstrate that appellate counsel's challenge would have been successful under plain error review. *See Valdez v. State*, 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008) (explaining that "an error that is plain from a review of the record does not require reversal unless the defendant demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice" (internal quotation marks omitted)). Moreover, the statement was made during sentencing and Connors has not challenged his sentence. Accordingly, he fails to demonstrate that the district court erred by denying this claim.

Seventh, Connors argues that the district court erred by denying numerous ineffective-assistance claims as procedurally barred. Connors is mistaken. The district court considered each of Connors' ineffective-assistance claims and denied them on their merits. Connors does not mention the district court's resolution of these claims and his opening brief merely lists them with no explanation or argument. Therefore, we decline to consider them.[3] *Maresca*, 103 Nev. at 673, 748 P.2d at 6.

We conclude that no relief is warranted, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____ J.        _____, J.
Gibbons                                       Pickering

cc:   Hon. Valerie Adair, District Judge
      Nguyen & Lay
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[3]Connors also asserts that the district court erred by denying his claim of cumulative error. We have found no error to cumulate.