IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LEE REED,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 69894 |

FILED

NOV 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER AFFIRMING IN PART,*
*REVERSING IN PART AND REMANDING*

This is a pro se appeal from a district court order denying appellant Lee Reed's postconviction petition for a writ of habeas corps. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Reed contends that the district court erred by denying his petition without conducting an evidentiary hearing. Regarding one of Reed's claims, we agree. We affirm the district court's order on the remaining claims.[1]

Reed's petition included claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984); *Warden v. Lyons,* 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland,* 466 U.S. at 697, and the petitioner

---

[1]Having considered the pro se brief filed by Reed, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-39394

must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Reed contends that counsel should have objected when the trial court failed to swear in the jury before voir dire pursuant to NRS 16.030(5), which constitutes structural error pursuant to *Barral v. State*, 131 Nev., Adv. Op. 52, 353 P.3d 1197, 1200 (2015). The district court denied this claim without conducting an evidentiary hearing, reasoning that this court did not announce the *Barral* decision until after Reed's trial and counsel could not have anticipated it. We disagree because although counsel did not have the benefit of *Barral*, counsel could have objected pursuant to NRS 16.030(5). We therefore reverse the district court's order as it relates to this claim only and remand for the district court to consider in the first instance whether Reed can demonstrate deficient performance and prejudice.[2]

Second, Reed contends that counsel should have withdrawn during trial so he could testify and impeach a witness. Reed does not explain how counsel could have successfully withdrawn; moreover, the impeachment testimony at issue implicated gang activity that the parties had agreed to keep out of trial and would not have been admitted.

---

[2]The United States Supreme Court recently held that a petitioner raising an ineffective-assistance-of-counsel claim based on his attorney's failure to preserve a structural error must demonstrate prejudice. *See Weaver v. Massachusetts*, 137 S. Ct. 1899, 1912-13 (2017).

Although Reed argues that counsel should not have agreed to exclude testimony regarding gang membership, counsel's decision to do so was reasonable under the circumstances. *See Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). Reed also fails to explain the value of the excluded testimony and how it would have changed the result at trial. We conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.

Third, Reed contends that counsel should have challenged the sufficiency of the evidence presented at the preliminary hearing on the conspiracy-to-commit-murder charge. Reed fails to demonstrate that counsel could have successfully challenged the charge because it was supported by slight or marginal evidence, *see Donovan v. State,* 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (explaining that counsel cannot be deemed ineffective for failing to submit futile motions), and that the result at trial would have been different had counsel done so. As to the latter, we note that Reed was acquitted of the conspiracy charge. We conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.

Fourth, Reed contends that counsel should have moved to sever the failure-to-stop charge from the murder charge. Reed fails to demonstrate that counsel could have successfully litigated a motion to sever the charges, *see id.*, and that the result at trial would have been different had counsel done so. We conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.

Fifth, Reed contends that appellate counsel should have challenged the implied-malice instruction. Reed fails to demonstrate deficient performance and prejudice, *see Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to appellate counsel),

 

because the instruction conformed to NRS 200.020 and this court has held that the statutory language does not lower the State's burden of proof, *see Cordova v. State*, 116 Nev. 664, 666, 6 P.3d 481, 483 (2000). We conclude that the district court did not err by denying this claim without conducting an evidentiary hearing.[3]

Having concluded that Reed is entitled only to the relief described herein, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Douglas Smith, District Judge
        Lee Reed
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[3]Reed also contends that the district court should have granted his motion to enlarge the time for him to respond to the State's answering brief. The record indicates that the district court granted Reed's motion.