IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN ROBERT WHITTINGTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76256

FILED

SEP 27 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

In the proceedings below, the district court denied appellant's petition for postconviction relief, and now appellant argues that the district court erred in denying his claims of ineffective assistance of counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient because it fell below an objective standard of reasonableness, which resulted in prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). As to claims of ineffective assistance of appellate counsel, the standard is the same, and the prejudice prong is determined by evaluating whether the omitted issue or the deficient argument would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996).

Appellant first argues that counsel was ineffective for failing to ensure he understood his plea offers even though appellant was under the

19-40283

influence of certain drug addiction treatment medication. However, appellant has not provided any evidence that his use of Trazadone and Gabapentin while in pretrial custody made it so that he did not fully understand his plea offers, and he only provides a document demonstrating that he was on the medications. Further, counsel testified that a social worker met with appellant and did not bring any mental health or drug use concerns to counsel's attention. Thus, looking at the totality of the circumstances, appellant did not meet his burden of proof to show counsel was ineffective in failing to ensure he understood the plea offers. *See State v. Freese*, 116 Nev. 1097, 1106, 13 P.3d 442, 448 (2000) (voluntariness of a plea is determined by reviewing the entire record and looking to the totality of the facts and circumstances surrounding the plea).

Next, appellant argues that counsel was ineffective in failing to request a jury instruction to clarify that future threats cannot form the basis of a felony coercion charge. However, the content of Whittington's proposed coercion instruction was substantially covered by another instruction that was given. So, even if counsel had asked for it, the district court would not have had to give that instruction. *See Vallery v. State*, 118 Nev. 357, 372, 46 P.3d 66, 77 (2002) ("The district court may . . . refuse a jury instruction . . . that is substantially covered by other instructions."). Further, since an instruction with the correct law substantially covering appellant's theory was given, appellant cannot show how giving the instruction with his specific wording would have changed the outcome of the case. *See, e.g., Allred v. State*, 120 Nev. 410, 415, 92 P.3d 1246, 1250 (2004) (presuming that the jury followed the instructions it was given). Accordingly, counsel's conduct did not fall below an objective standard of

reasonableness in not asking for the additional instruction. Whittington also challenges counsel's failure to seek a jury instruction addressing whether Whittington's statement at his police interview was voluntary. However, counsel testified at the evidentiary hearing that while Whittington claimed that he had not been given his Miranda warnings, this claim was belied by the record. Counsel had no other indication that his confession may not have been voluntary. Therefore, we cannot conclude that counsel fell below an objective standard of reasonableness in not requesting a jury instruction on this point.

Next, appellant argues that counsel was ineffective in certain jury selection decisions. However, counsel testified as to the strategy behind those decisions. Specifically, counsel testified that she had asked potential jurors why an innocent defendant may not testify as a way "[t]o remind the jury that there is a presumption of innocence," and "to put the ... seed of thought into their head that [appellant] was innocent." Counsel also testified that she did not strike a juror that one of the defense attorneys knew because counsel believed that juror would be good for the defense. Neither of these strategic decisions fall below an objective standard of reasonableness. Additionally, with regard to appellant's argument that counsel should have appealed the denial of his motion to strike the panel based on a juror's comments regarding why a defendant might not testify, appellant did not show that the argument had a reasonable probability of success on appeal. *See Lamb v. State*, 127 Nev. 26, 37, 251 P.3d 700, 707 (2011) ("Decisions concerning the scope of voir dire and the manner in which it is conducted are reviewable only for abuse of discretion and draw considerable deference on appeal." (internal citation

SUPREME COURT
OF
NEVADA

(O) 1947A

3

and quotation marks omitted)). Thus, we conclude the arguments pertaining to counsel's jury selection decisions have no merit.

Appellant also argues that counsel was ineffective for not challenging certain statements made during sentencing. Specifically, the State's argument regarding a conversation with a juror after the trial who was afraid of Whittington, as well as Nakanishi's victim impact statement containing alleged prior bad acts. However, the district court stated at the evidentiary hearing that it did not take the victim impact statement into consideration when making the sentencing decision in this case, and that it almost never does. Nevertheless, counsel did ask that the district court disregard the improper statements that were part of Nakanishi's sentencing testimony and the statement regarding the juror. Thus, appellant cannot show how these instances affected the outcome of Whittington's sentence, or how appealing these instances would have been successful.

Appellant next argues that counsel was ineffective for not raising the following prosecutorial misconduct issues: the State argued during the trial that there is no evidence appellant did not send the text messages at issue, and stated, "that's how we know he committed these crimes." However, we cannot say that either of these instances rise to the level of misconduct, as both are related to the evidence presented. To the extent that Whittington argues these statements were prejudicial because it violated Whittington's right to remain silent, we conclude that they could not have substantially affected the jury's verdict given the abundance of evidence presented. *Rose v. State*, 123 Nev. 194, 208, 163 P.3d 408, 418 (2007) ("[T]he relevant inquiry is whether a prosecutor's statements so

infected the proceedings with unfairness as to result in a denial of due process." (quoting *Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005)). Further, since counsel did not object to these statements, they were unlikely to have a probability of success on appeal. *See Saletta v. State*, 127 Nev. 416, 421, 254 P.3d 111, 114 (2011) (noting that a party who did not object below must show that there was an error, that the error is clear under current law from a casual inspection of the record, and that the error affected the defendant's substantial rights). Accordingly, we conclude that Whittington's arguments regarding prosecutorial misconduct are unpersuasive.

Lastly, appellant also argues that counsel was ineffective for not impeaching a witness when that witness stated that appellant worked for him for six years at trial, but for two-and-a-half years at the preliminary hearing. However, the record shows that the witness stated at the preliminary hearing that he was not entirely sure how long appellant worked for him. Thus, the decision not to attempt to impeach the witness based on this statement was reasonable. *See Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (noting that "counsel cannot be deemed ineffective for failure to submit to a classic exercise in futility" (internal quotation marks omitted)). Again, appellant has not shown how counsel's decisions fell below an objective standard of reasonableness so as to warrant counsel ineffective. Furthermore, he has not shown how these decisions would have changed the outcome of his case. This was appellant's burden

to demonstrate for each issue he argues on appeal, and he did not meet that burden.[1] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Douglas Smith, District Judge
Resch Law, PLLC d/b/a Conviction Solutions
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Additionally, we reject appellant's contention that cumulative error warrants reversal.