An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

PATRICK PHILLIP DECAROLIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65472

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

In his September 26, 2013, petition, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23903

demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that trial counsel was ineffective for failing to explain a guilty plea agreement to him. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. The plea offer was communicated to appellant, and there was no allegation that trial counsel told him to refuse the plea agreement. Therefore, *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), do not apply. Further, it appears from his petition that appellant rejected the plea agreement because he wanted more favorable terms. Accordingly, the district court did not err in denying this claim.

Second, appellant claimed that trial counsel was ineffective for failing to provide appellant with discovery or to discuss the discovery with appellant. Appellant failed to demonstrate that he was prejudiced because he failed to demonstrate a reasonable probability of a different outcome at trial had trial counsel provided or discussed the discovery with appellant. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that trial counsel was ineffective for failing to interview or depose the Walmart employees. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. Appellant failed to demonstrate that interviewing or deposing the employees would have produced any exculpatory evidence as the

employees involved in the case testified at trial. Therefore, he failed to demonstrate a reasonable probability of a different outcome at trial had trial counsel interviewed or deposed these witnesses. Accordingly, the district court did not err in denying this claim.

Fourth, appellant claimed that trial counsel was ineffective for failing to interview and call mitigating witnesses at trial. Appellant failed to demonstrate trial counsel was deficient or that he was prejudiced. Trial counsel called a friend of appellant's at trial who testified about the same information that appellant wanted presented at trial through these other witnesses. Appellant failed to demonstrate that further evidence presented through these other witnesses would have created a reasonable probability of a different outcome at trial. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that trial counsel was ineffective for failing to object to the State's use of "thought bubbles" that were added to the security video. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. There was no security video presented at trial. Therefore, counsel was not ineffective for failing to object to it. It appears appellant is complaining about a PowerPoint presentation used by the State in its closing arguments. Appellant failed to demonstrate that the State's use of this PowerPoint presentation was inappropriate, and counsel is not deficient for failing to make futile objections. *See Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978). Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that trial counsel was ineffective for failing to call an expert in digital video enhancement who could have zoomed in on his license to demonstrate that appellant provided a valid

license. As stated above, there was no security video of the offense; therefore, trial counsel was not deficient in failing to call an expert to examine the video. Accordingly, the district court did not err in denying this claim.

Seventh, appellant claimed that trial counsel was ineffective for failing to prepare a defense witness for trial. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced because he failed to support this claim with specific facts that, if true, entitled him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Appellant failed to state how trial counsel could have prepared this witness for trial or how that preparation would have had a reasonable probability of changing the outcome at trial. Therefore, the district court did not err in denying this claim.

Eighth, appellant claimed that trial counsel was ineffective for failing to argue reasonable doubt and lack of intent as a defense strategy. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. Because appellant confessed to the police that he knowingly tried to cash a forged check, counsel tried to argue that appellant was drunk rather than trying to argue that there was a lack of proof. This was a reasonable trial strategy for trial counsel to pursue. Further, trial counsel did present evidence attacking appellant's intent by calling a defense witness who testified that appellant was helping the woman with her car and would not have cashed a forged check. Therefore, the district court did not err in denying this claim.

Ninth, appellant claimed that trial counsel was ineffective for failing to investigate and prepare for trial. Appellant failed to demonstrate that he was prejudiced. Appellant failed to demonstrate a

reasonable probability of a different outcome at trial had trial counsel investigated further given appellant's confession to the police. Therefore, the district court did not err in denying this claim.

Tenth, appellant claimed that trial counsel was ineffective for failing to call him to testify at trial. Appellant failed to demonstrate that trial counsel was deficient. Appellant was canvassed by the district court about his right to testify and was informed that the decision to testify was his alone. Therefore, the district court did not err in denying this claim.

Eleventh, appellant claimed that trial counsel was ineffective for failing to file a motion for preservation of the tapes of trial and the security video. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. As stated previously, there was no security video. Further, appellant failed to explain what other tapes at trial should have been preserved or how preserving these other tapes would have had a reasonable probability of changing the outcome of trial. Therefore, the district court did not err in denying this claim.

Twelfth, appellant claimed that trial counsel was ineffective for failing to correct information in appellant's presentence report. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. Trial counsel informed the district court of an error in the presentence report at sentencing regarding the number of prior incarcerations. Further, appellant failed to demonstrate a reasonable probability of a different outcome at sentencing had trial counsel informed the district court of other allegedly incorrect information in the presentence report. Therefore, the district court did not err in denying this claim.

Thirteenth, appellant claimed that trial counsel was ineffective for failing to argue that he only had one felony conviction in the last ten years and therefore should not qualify for the habitual criminal enhancement. Further, he claimed that trial counsel should have argued that his prior convictions were old or non-violent and should have called witnesses in mitigation of sentence. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. Appellant's first argument is based on a misunderstanding of law in regard to habitual criminal treatment. To qualify for the small habitual criminal enhancement, a defendant must have a minimum of two prior felony convictions, which could have happened at any time in his past.[2] NRS 207.010(1)(a). Appellant had seven prior felony convictions, more than enough to qualify for the small habitual criminal enhancement.

Further, trial counsel argued that appellant should not receive habitual criminal treatment, that one of his convictions noticed by the State did not qualify, and informed the district court of appellant's educational, work, and family history. Appellant also gave a lengthy statement regarding his views on the case, his family, and his drug history. Appellant failed to demonstrate that further evidence in mitigation was admissible, *see* NRS 176.015, or that it would have had a reasonable probability of changing the outcome at sentencing. Therefore, the district court did not err in denying this claim.

---

[2]We note that the judgment of conviction appears to have an error in it because it states that appellant was sentenced under the large habitual criminal statute. At the sentencing hearing, the district specifically referenced the small habitual statute, NRS 207.010(1)(a), and gave appellant a sentence within the parameters of that statute.

Next, appellant claimed that he received ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader*, 121 Nev. at 686, 120 P.3d at 1166.

First, appellant claimed that appellate counsel was ineffective for refusing to raise the claims that he wanted on appeal. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. A criminal defendant does not have a constitutional right to compel counsel to raise specific issues on appeal and, in order to provide effective assistance, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Further, appellant failed to demonstrate that any issue that was not raised had a reasonable likelihood of success on appeal. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that appellate counsel was ineffective for failing to "federalize" his claims. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced because he failed to demonstrate that he would have gained a more favorable standard of review or a more favorable result on direct

appeal had appellate counsel federalized the arguments. *See Browning v. State*, 120 Nev. 347, 365, 91 P.3d 39, 52 (2004). Therefore, the district court did not err in denying this claim.

Third, appellant claimed that appellate counsel was ineffective for failing to withdraw as counsel. Appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. Appellant filed a motion in proper person to dismiss and replace counsel after appellate counsel filed the fast track statement in this court. This court denied the motion, and appellant has not demonstrated any grounds that would have caused objectively reasonable counsel to file a motion to withdraw. Therefore, it would have been unnecessary to withdraw. Further, he failed to demonstrate a reasonable probability of success on appeal had appellate counsel asked and been allowed to withdraw. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that the trial court erred by denying his motion for new counsel. He also claimed that perjured testimony was presented at trial. These claims could have been raised on direct appeal and appellant failed to demonstrate cause and actual prejudice to overcome the procedural bar. NRS 34.810(1)(b). Therefore, the district court did not err in denying these claims.

Finally, appellant claimed that the cumulative errors of trial and appellate counsel entitled him to relief. Appellant failed to demonstrate that any alleged errors of counsel, singly or cumulatively,

would have had a reasonable probability of altering the outcome at trial or on appeal. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Jessie Elizabeth Walsh, District Judge
       Patrick Phillip Decarolis
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.