# IN THE SUPREME COURT OF THE STATE OF NEVADA

DANNY EUGENE MILLER, JR.,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 80477

FILED

SEP 16 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge. Appellant Danny Eugene Miller, Jr. argues that trial counsel provided ineffective assistance. The district court held an evidentiary hearing and denied the petition. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions.

21-26861

*Id.* at 689-90. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong, but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Miller first argues that counsel should have objected to the State's expert testimony on shaken baby syndrome, asserting that the syndrome's accuracy as an explanation for the injuries in this case is now disputed in the medical community. Substantial evidence supports the district court's findings that counsel's failure to object was reasonable. Counsel testified at the evidentiary hearing that he knew the dispute about shaken baby syndrome, retained a defense expert in part to elicit the dispute, and examined the expert on this point at trial. Counsel further testified that he determined that the best tactical approach was to rebut the State's interpretation of the evidence with a defense expert. Counsel's "strategic or tactical decisions," such as this one, are "virtually unchallengeable absent extraordinary circumstances," which Miller has not shown.[1] *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004) (internal quotation marks omitted). Further, a motion to exclude the testimony would have been futile because Miller has not demonstrated that there was any basis to exclude the expert's testimony. *See Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (concluding that counsel was not

---

[1]To the extent that Miller argues that the district court erred in evaluating the relevant scientific evidence at trial, such a claim should have been raised, if at all, on direct appeal and is procedurally barred without a showing of good cause and prejudice, which Miller has not made. *See* NRS 34.810(1)(b)(2).

ineffective for omitting a futile suppression motion). The district court therefore did not err in denying this claim.

Miller next argues that counsel should have retained experts in radiology, nutrition, and pediatric ophthalmology. Miller does not specifically allege and did not present testimony at the evidentiary hearing as to how testimony from a nutritionist or an ophthalmologist would have been beneficial. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984) (providing that a claim must be supported by specific factual allegations that would entitle the petitioner to relief if true). Counsel testified that he considered the radiological evidence, sent that evidence to the defense expert, and discussed it thoroughly with the defense expert. Counsel concluded that the defense expert had sufficient experience and was sufficiently adept in assessing the radiological evidence, such that an additional expert was not necessary.[2] What experts to retain and call is a strategic decision the rests with counsel, *see Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002), and Miller has not shown extraordinary circumstances warranting a challenge to counsel's decision. The district court therefore did not err in denying this claim.

---

[2]To the extent that Miller suggests that counsel should have challenged cross-examination on matters beyond the scope of direct examination, this claim fails. Counsel objected below, and it is the law of the case that the district court did not abuse its discretion in overruling that objection because the matters discussed fell within the scope of the expert's testimony. *Miller v. State*, Docket No. 69660-COA (Order of Affirmance, July 26, 2016); *see Hall v. State*, 91 Nev 314, 315, 535 P.2d 797, 798 (1975).

Having considered Miller's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                              Gibbons

cc:     Hon. Kriston N. Hill, District Judge
        Kirsty E. Pickering Attorney at Law
        Attorney General/Carson City
        Elko County District Attorney
        Elko County Clerk

---

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.